IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD MAX FLEMING, M.D., J.D., | ) ) ) | |
| Plaintiff, | ) ) | 8:16CV379 |
| v. | ) ) ) | **MEMORANDUM** |
| DEPARTMENT OF HEALTH & HUMAN SERVICES, and DIANE M. HAAG, | ) ) ) ) | **AND ORDER** |
| Defendants. | ) ) ) | |

Plaintiff Richard Max Fleming, a non-prisoner, filed this case on May 11, 2016, in the United States District Court for the District of Columbia, which then transferred the case to this court based on improper venue. (Filing No. 1, Complaint; Filing No. 4, Transfer Order.) Fleming has been granted leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of Fleming's Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Although Fleming's Complaint names the Nebraska Department of Health and Human Services (NDHHS) and his former wife, Diane M. Haag, as defendants, his claims are limited to alleged errors committed by the Sarpy County District Court, the Nebraska Court of Appeals, and the Nebraska Supreme Court in handling a modification of child and spousal support agreement between Fleming and his ex-wife. (Filing No. 1, Complaint at CM/ECF pp. 5-7 (issues presented all relate to errors committed by state trial and appellate courts); Filing No. 1, Complaint at CM/ECF p. 38 (requesting that federal district court grant motions filed in Sarpy County District

Court, enforce modification agreement filed in state court, correct errors in public records, return Fleming's passport, order an investigation into the state courts' handling of Fleming's complaints that the NDHHS did not properly perform its duties, and impose appropriate discipline for such errors).)

## II. ANALYSIS

With the exception of habeas corpus petitions, federal district courts lack subject-matter jurisdiction to hear actions that seek to reverse a state court's judgment under what is known as the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The *Rooker-Feldman* doctrine applies where, as here, a case is brought by a loser in a state court action, complaining of injuries caused by the state court's judgment rendered before the federal district court proceedings commenced and inviting the district court to review and reject that judgment. *See Exxon Mobile Corp. v. Saudia Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Janson v. Katharyn B. Davis, LLC*, 806 F.3d 435, 437 (8th Cir. 2015).

To the extent Fleming is also attempting to raise federal due process claims, the result is the same because such claims are "inextricably intertwined" with matters already adjudicated in state court.

> The *Rooker-Feldman* doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions. Thus, a corollary to the basic rule against reviewing judgments prohibits federal district courts from exercising jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court.

*Lemonds v. St. Louis County*, 222 F.3d 488, 492-93 (8th Cir. 2000).

Accordingly, this matter shall be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (if federal court determines at any time that it lacks subject-matter jurisdiction, court must dismiss the action).

IT IS ORDERED:

1.      This matter is dismissed for lack of subject-matter jurisdiction; and

2.      Judgment shall be entered by separate document.

DATED this 13th day of October, 2016.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge

3